Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Caitlin J. Scott, Esq. (State Bar No. 310619)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff GUILLERMO ROBLES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GUILLERMO ROBLES, an individual,<br><br>                  Plaintiff,<br><br>v.<br><br>BURLINGTON COAT FACTORY DIRECT CORPORATION, a New Jersey corporation,<br><br>                  Defendant. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE  RELIEF:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181** *et seq.* **[BURLINGTONCOATFACTORY.COM]**<br>2. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51** *et seq.* **[BURLINGTONCOATFACTORY.COM]** |

1

Plaintiff, GUILLERMO ROBLES ("Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

## INTRODUCTION

1.      Plaintiff is a visually-impaired and legally blind person who requires screen-reading software to read website content using his computer.  Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.  Some blind people who meet this definition have limited vision.  Others have no vision.

2.      Plaintiff brings this civil rights action against Defendant BURLINGTON COAT FACTORY DIRECT CORPORATION ("Defendant" or "Burlington") for its failure to design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people.  Defendant's denial of full and equal access to its website, and therefore denial of its products and services offered thereby and in conjunction with its physical locations, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("UCRA").

3.      Because Defendant's website, BurlingtonCoatFactory.com (the "website" or "Defendant's website"), is not equally accessible to blind and visually-impaired consumers in violation of the ADA, Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually-impaired consumers.

## JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as Plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and 28 U.S.C. § 1332.

5.      This court has supplemental jurisdiction over Plaintiff's non-federal

claims pursuant to 28 U.S.C. § 1367, because Plaintiff's UCRA claims are so related to Plaintiff's federal ADA claims, they form part of the same case or controversy under Article III of the United States Constitution.

6.      This Court has personal jurisdiction over Defendant because it conducts and continues to conduct a substantial and significant amount of business in the State of California, County of Los Angeles, and because Defendant's offending website is available across California.

7.      Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391 because Plaintiff resides in this District, Defendant conducts and continues to conduct a substantial and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained of herein occurred in this District.

## PARTIES

8.      Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Los Angeles. Plaintiff is a blind, visually-impaired handicapped person, and a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2), and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*

9.      Plaintiff is informed and believes, and thereon alleges Defendant BURLINGTON COAT FACTORY DIRECT CORPORATION is a corporation, incorporated in New Jersey and has its principal place of business in Burlington Township, New Jersey.  Defendant is registered to do business in the State of California and has been doing business in the State of California, including the Central District of California.  Defendant operates department or retail stores ("Burlington stores" or "Defendant's stores" hereinafter) in the Central District of California.  These Burlington stores constitute places of public accommodation. Defendant's stores provide to the public important goods and services.  Defendant's website provides consumers with access to an array of goods and services including

1    store locators, information about clothes, apparel, and other products available

2    online and in retail stores for purchase, special pricing offers and promotional

3    coupons, gift cards, and other goods and services.

4         10.    Defendant's department or retail stores are public accommodations

5    within the definition of Title III of the ADA, 42 U.S.C. § 12181(7).

6    BurlingtonCoatFactory.com is a service, privilege, or advantage of Burlington

7    stores.

8         11.    Defendant is subject to personal jurisdiction in this District. Defendant

9    has been and is committing the acts or omissions alleged herein in the Central

10   District of California that caused injury, and violated rights prescribed by the ADA

11   and UCRA, to Plaintiff and to other blind and other visually impaired-consumers.  A

12   substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in

13   the Central District of California.  Specifically, on several separate occasions,

14   Plaintiff has been denied the full use and enjoyment of the facilities, goods, and

15   services of Defendant's website in Los Angeles County. The access barriers Plaintiff

16   encountered on Defendant's website have caused a denial of Plaintiff's full and

17   equal access multiple times in the past, and now deter Plaintiff on a regular basis

18   from accessing Defendant's website.  Similarly, the access barriers Plaintiff

19   encountered on Defendant's website have impeded Plaintiff's full, independent and

20   equal enjoyment of goods and services offered at Defendant's brick-and mortar

21   stores.

22   **THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET**

23        12.    The Internet has become a significant source of information, a portal,

24   and a tool for conducting business, doing everyday activities such as shopping,

25   learning, banking, researching, as well as many other activities for sighted, blind and

26   visually-impaired persons alike.

27        13.    In today's tech-savvy world, blind and visually-impaired people have

28   the ability to access websites using keyboards in conjunction with screen access

software that vocalizes the visual information found on a computer screen or displays the content on a refreshable Braille display.  This technology is known as screen-reading software.  Screen-reading software is currently the only method a blind or visually-impaired person may independently access the internet.  Unless websites are designed to be read by screen-reading software, blind and visually-impaired persons are unable to fully access websites, and the information, products, and services contained thereon.

14.     Blind and visually-impaired users of Windows operating system-enabled computers and devices have several screen reading software programs available to them.  Some of these programs are available for purchase and other programs are available without the user having to purchase the program separately.  Job Access With Speech, otherwise known as "JAWS," is currently the most popular, separately purchased and downloaded screen-reading software program available for a Windows computer.

15.     For screen-reading software to function, the information on a website must be capable of being rendered into text.  If the website content is not capable of being rendered into text, the blind or visually-impaired user is unable to access the same content available to sighted users.

16.     The international website standards organization known throughout the world as W3C, published version 2.0 of the Web Content Accessibility Guidelines, Conformance Level AA ("WCAG 2.0 AA" hereinafter).  WCAG 2.0 AA are well-established guidelines for making websites accessible to blind and visually-impaired people.  These guidelines are universally followed by most large business entities to ensure their websites are accessible to their customers and prospective customers with disabilities.

17.     Non-compliant websites pose common access barriers to blind and visually-impaired persons. Common barriers encountered by blind and visually impaired persons include, but are not limited to, the following:

a.  A text equivalent for every non-text element is not provided;

b.  Title frames with text are not provided for identification and navigation;

c.  Equivalent text is not provided when using scripts;

d.  Forms with the same information and functionality as for sighted persons are not provided;

e.  Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

f.  Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;

g.  If the content enforces a time limit, the user is not able to extend, adjust or disable it;

h.  Web pages do not have titles that describe the topic or purpose;

i.  The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

j.  One or more keyboard operable user interface lacks a mode of operation where the keyboard focus indicator is discernible;

k.  The default human language of each web page cannot be programmatically determined;

l.  When a component receives focus, it may initiate a change in context;

m.  Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n.  Labels or instructions are not provided when content requires user input;

o.  In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not

nested according to their specifications, elements may contain duplicate attributes and/or any IDs are not unique;

p.   Inaccessible Portable Document Format (PDFs); and,

q.   The name and role of all User Interface elements cannot be programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including assistive technology.

## FACTUAL BACKGROUND

18.   Defendant offers the commercial website, BurlingtonCoatFactory.com, to the public.  The website offers features which should allow all consumers to access the goods and services which Defendant offers in connection with its physical locations. The goods and services offered by Defendant include, but are not limited to the following, which allow consumers to: find information about the available products Burlington offers to consumers for purchase online and at its retail locations; locate Burlington stores; purchase Burlington gift cards; access coupons and promotional material; and other services.

19.   Based on information and belief, it is Defendant's policy and practice to deny Plaintiff, along with other blind or visually-impaired users, access to Defendant's website, and to therefore specifically deny the goods and services that are offered and integrated with Defendant's stores.  Due to Defendant's failure and refusal to remove access barriers to its website, Plaintiff and visually-impaired persons have been and are still being denied equal access to Burlington stores and the numerous goods, services, and benefits offered to the public through BurlingtonCoatFactory.com.

### Defendant's Barriers on BurlingtonCoatFactory.com Deny Plaintiff Access

20.   Plaintiff is a visually-impaired and legally blind person, who cannot use a computer without the assistance of screen-reading software.  However, Plaintiff is a proficient user of the JAWS screen-reader and uses it to access the internet.

Plaintiff has visited BurlingtonCoatFactory.com on several separate occasions using the JAWS screen-reader.

21.     During Plaintiff's multiple visits to Defendant's website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public on Defendant's website. Due to the widespread access barriers Plaintiff encountered on Defendant's website, Plaintiff has been deterred, on a regular basis, from accessing Defendant's website. Similarly, the access barriers Plaintiff encountered on Defendant's website have deterred Plaintiff from visiting Defendant's brick-and-mortar stores.

22.     While attempting to navigate BurlingtonCoatFactory.com, Plaintiff encountered multiple accessibility barriers for blind or visually-impaired people that include, but are not limited to, the following:

a.     _Lack of Alternative Text_ ("alt-text"), or a text equivalent.  Alt-text is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that screen-reading software can speak the alt-text where a sighted user sees pictures.  Alt-text does not change the visual presentation, but instead a text box shows when the cursor moves over the picture. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics.  As a result, visually-impaired Burlington customers are unable to determine what is on the website, browse, look for store locations, check out Defendant's coupons and specials, or make any purchases;

b.     _Empty Links That Contain No Text_ causing the function or purpose of the link to not be presented to the user.  This can introduce confusion for keyboard and screen-reader users;

c.     _Redundant Links_ where adjacent links go to the same URL address

which results in additional navigation and repetition for keyboard and screen-reader users; and

    d.   *Linked Images Missing Alt-text*, which causes problems if an image within a link contains no text and that image does not provide alt-text. A screen reader then has no content to present the user as to the function of the link, including information contained in PDFs.

23.    Recently in 2016, Plaintiff attempted to do business with Burlington on BurlingtonCoatFactory.com and Plaintiff encountered barriers to access on BurlingtonCoatFactory.com.

24.    Despite past and recent attempts to do business with Burlington on its website, the numerous access barriers contained on the website and encountered by Plaintiff, have denied Plaintiff full and equal access to Defendant's website. Plaintiff, as a result of the barriers on Burlington website, continues to be deterred on a regular basis from accessing Defendant's website. Likewise, based on the numerous access barriers Plaintiff has been impeded from the full and equal enjoyment of goods and services offered in Defendant's stores and from making purchases at such physical locations.

**Defendant Must Remove Barriers To Its Website**

25.    Due to the inaccessibility of BurlingtonCoatFactory.com, blind and visually-impaired customers such as Plaintiff, who need screen-readers, cannot fully and equally use or enjoy the facilities, goods, and services Burlington offers to the public on its website. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full, independent and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website. In addition, the access barriers Plaintiff encountered on Defendant's website have deterred Plaintiff from visiting Burlington retail locations.

26.    If BurlingtonCoatFactory.com was equally accessible to all, Plaintiff could independently navigate these websites and complete a desired transaction as

1  sighted individuals do.

2      27.    Through his many attempts to use Defendant's website, Plaintiff has

3  actual knowledge of the access barriers that make these services inaccessible and

4  independently unusable by blind and visually-impaired people.

5      28.    Because simple compliance with the WCAG 2.0 AA Guidelines would

6  provide Plaintiff and other visually-impaired consumers with equal access to

7  BurlingtonCoatFactory.com, Plaintiff allege that Burlington has engaged in acts of

8  intentional discrimination, including but not limited to the following policies or

9  practices:

10         a.    Construction and maintenance of a website that is inaccessible to

11             visually-impaired individuals, including Plaintiff;

12         b.    Failure to construct and maintain a website that is sufficiently intuitive

13             so as to be equally accessible to visually-impaired individuals,

14             including Plaintiff; and,

15         c.    Failure to take actions to correct these access barriers in the face of

16             substantial harm and discrimination to blind and visually-impaired

17             consumers, such as Plaintiff, as a member of a protected class.

18      29.    Burlington therefore uses standards, criteria or methods of

19  administration that have the effect of discriminating or perpetuating the

20  discrimination of others, as alleged herein.

21      30.    The ADA expressly contemplates the type of injunctive relief that

22  Plaintiff seeks in this action.  In relevant part, the ADA requires:

23

24      "In the case of violations of . . . this title, injunctive relief shall include an
        order to alter facilities to make such facilities readily accessible to and usable

25      by individuals with disabilities….Where appropriate, injunctive relief shall
        also include requiring the . . . modification of a policy. . ."

26

27      (42 U.S.C. § 12188(a)(2).)

28      31.    Because Defendant's website has never been equally accessible, and

because Defendant lacks a corporate policy that is reasonably calculated to cause its website to become and remain accessible, Plaintiff invokes the provisions of 42 U.S.C. § 12188(a)(2), and seeks a permanent injunction requiring Defendant to retain a qualified consultant acceptable to Plaintiff ("Agreed Upon Consultant") to assist Defendant to comply with WCAG 2.0 AA guidelines for its website.  Plaintiff seeks that this permanent injunction require Defendant to cooperate with the Agreed Upon Consultant to:

    a.  Train Defendant's employees and agents who develop the BurlingtonCoatFactory.com website on accessibility compliance under the WCAG 2.0 AA guidelines;

    b.  Regularly check the accessibility of Defendant's website under the WCAG 2.0 AA guidelines;

    c.  Regularly test user accessibility by blind or vision-impaired persons to ensure that Defendant's website complies under the WCAG 2.0 AA guidelines; and,

    d.  Develop an accessibility policy that is clearly disclosed on its websites, with contact information for users to report accessibility-related problems.

32.    If BurlingtonCoatFactory.com was accessible, Plaintiff and similarly situated blind and visually-impaired people could independently view independently view service items, locate Defendant's store locations, shop for and otherwise research related products and services available via Defendant's website.

33.    Although Defendant may currently have centralized policies regarding the maintenance and operation of its website, Defendant lacks a plan and policy reasonably calculated to make its websites fully and equally accessible to, and independently usable by, blind and other visually-impaired consumers.

34.    Without injunctive relief, Plaintiff and other visually-impaired consumers will continue to be unable to independently use the Defendant's website

in violation of their rights.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.* [BURLINGTONCOATFACTORY.COM]

35.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

36.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, provides:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

(42 U.S.C. § 12182(a).)

37.     Burlington stores are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). BurlingtonCoatFactory.com is a service, privilege, or advantage of Burlington stores.  BurlingtonCoatFactory.com is a service that is integrated with these retail locations.

38.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.  (42 U.S.C. § 12182(b)(1)(A)(i).)

39.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals. (42 U.S.C. § 12182(b)(1)(A)(ii).)

40.     Under Section 302(b)(2) of Title III of the ADA, unlawful

discrimination also includes, among other things:

> "[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

(42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).)

41.    The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder.  Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits the major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A).  Furthermore, Plaintiff has been denied full and equal access to BurlingtonCoatFactory.com, has not been provided services which are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons.  Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct.  These violations are ongoing.

42.    Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff, requests relief as set forth below.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* [BURLINGTONCOATFACTORY.COM]

43.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to

state this cause of action as though fully set forth herein.

44.     California Civil Code § 51 *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendant is systematically violating the UCRA, Civil Code § 51 *et seq.*

45.     Defendant's stores are "business establishments" within the meaning of the Civil Code § 51 *et seq.*  Defendant generates millions of dollars in revenue from the sale of goods through its BurlingtonCoatFactory.com website.  Defendant's website is a service provided by Defendant that is inaccessible to customers who are blind or visually-impaired like Plaintiff.  This inaccessibility denies blind and visually-impaired patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public.  Defendant is violating the UCRA, Civil Code § 51 *et seq.*, by denying visually-impaired customers the goods and services provided on its website.  These violations are ongoing.

46.     Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because Defendant has constructed a website that is inaccessible to Plaintiff, Defendant maintains the website in an inaccessible form, and Defendant has failed to take actions to correct these barriers.

47.     Defendant is also violating the UCRA, Civil Code § 51 *et seq.* because the conduct alleged herein violates various provisions of the ADA, 42 U.S.C. § 12101 *et seq.*, as set forth above.  Section 51(f) of the Civil Code provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

48.     The actions of Defendant violate UCRA, Civil Code § 51 *et seq.*, and Plaintiff is therefore entitled to injunctive relief remedying the discrimination.

49.     Plaintiff is entitled to statutory minimum damages pursuant to Civil Code § 52 for each and every offense.

50.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

## <u>PRAYER</u>

**WHEREFORE, Plaintiff prays pray for judgment against Defendant, as follows:**

1.     A Declaratory Judgment that, at the commencement of this action, Defendant was in violation of the specific requirements of Title III of the ADA 42 U.S.C. § 12181 *et seq.*, and the relevant implementing regulations of the ADA, for Defendant's failure to take action that was reasonably calculated to ensure that its websites are fully accessible to, and independently usable by, blind and visually-impaired individuals;

2.     A preliminary and permanent injunction enjoining Defendant from further violations of the ADA, 42 U.S.C. § 12181 *et seq.*, and/or the UCRA, Civil Code § 51 *et seq.* with respect to its website, BurlingtonCoatFactory.com;

3.     A preliminary and permanent injunction requiring Defendant to take the steps necessary to make BurlingtonCoatFactory.com readily accessible to and usable by blind and visually-impaired individuals;

4.     An award of statutory minimum damages of $4,000 per violation pursuant to § 52(a) of the California Civil Code;

5.     For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, pursuant to 42 U.S.C. § 12188(a)(1), and California Civil Code § 52(a);

6.     For pre-judgment interest to the extent permitted by law;

7.     For costs of suit; and

8.     For such other and further relief as this Court deems just and proper.

//

//

//

//

# <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: December 22, 2016          **MANNING LAW, APC**

By: *<u>/s/ Joseph R. Manning Jr., Esq.</u>*
    Joseph R. Manning Jr., Esq.
    Caitlin J. Scott, Esq.
    Tristan P. Jankowski, Esq.
    Attorneys for Plaintiff